UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANICE CHAPMAN,

       Plaintiff,

vs.

NORTHWEST AIRLINES, INC.,

       Defendant.
_____/

Civil Action No.
06-CV-13839

HON. BERNARD A. FRIEDMAN

**<u>OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO AFFIRM ERISA BENEFIT DECISION</u>**

This matter is presently before the court on defendant's "motion to affirm ERISA benefit decision" [docket entry 8]. Plaintiff has not responded. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide the motion without a hearing.

Plaintiff commenced this action in Wayne Circuit Court. She alleges that defendant Northwest Airlines, Inc., has wrongfully failed to pay her the proceeds of a policy of life insurance on her husband, who obtained the policy as defendant's employee and died on May 16, 2006. Defendant timely removed the matter on the grounds that the dispute is governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001.

Defendant asks that the court dismiss the complaint and affirm the denial of plaintiff's claim on the grounds that the decedent was not covered by the group life insurance policy at the time of his death because he had allowed the coverage to lapse.

In reviewing the denial of a claim for a benefit covered by ERISA, the court is limited to the record that was considered by the administrative decisionmaker. *See Perry v. Simplicity*

*Eng'g*, 900 F.2d 963, 966 (6th Cir. 1990); *Davis v. Kentucky Fin. Cos. Retirement Plan*, 887 F.2d 689, 693, 695 (6th Cir. 1989). If the ERISA plan confers discretionary authority upon the plan administrator, the administrative decision may not be disturbed unless it was arbitrary or capricious. Otherwise, the court reviews the matter *de novo*. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989). In the present case, the court's decision would be the same under either standard.

The relevant portions of the administrative record, which are attached to defendant's motion as exhibits, indicate that the decedent was employed by defendant until he was placed on a leave of absence, due to an occupational injury, on January 21, 2006. By letter dated January 23, 2006, defendant notified decedent that, in accordance with the terms of the plan, his life insurance coverage would lapse on January 31, 2006, because he was not longer an active employee but that he could elect to continue coverage by completing and returning an enclosed form within 60 days. Decedent would, pursuant to the terms of the plan, be responsible for paying the premiums, and the various premium amounts for the various levels of coverage were also indicated in defendant's letter.

Decedent never made the required election to continue his life insurance coverage. He died on May 16, 2006, after his coverage had lapsed and after the 60-day election period expired. Defendant's final decision denying plaintiff's claim is based on the fact that "Mr. Chapman did not elect to continue any of the benefits he had in place as an active employee. Therefore, there are no life insurance proceeds to pay to Mr. Chapman's beneficiary of record." Defendant's Exhibit 3.

As noted above, plaintiff has not responded to defendant's motion. The court interprets plaintiff's silence as an acknowledgment that defendant's decision in this matter is not subject to challenge. The court is satisfied that defendant's decision is supported by the terms of the

plan and that the decision must therefore be affirmed. Accordingly,

IT IS ORDERED that defendant's motion to affirm ERISA benefit decision is granted.

s/Bernard A. Friedman _____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: July 30, 2007
Detroit, Michigan

**I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.**

**_____/s/ Patricia Foster Hommel_____
Patricia Foster Hommel
Secretary to Chief Judge Friedman**